IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, | § | |
| #1047716, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-02519-B-BT |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Demarcus Kenard Joe, currently serving a life sentence in the TDCJ James V. Allred Unit, filed a document that the Court construes as a *pro se* habeas petition seeking relief under 28 U.S.C. § 2254. *See* Compl. (ECF No. 2). He appears to challenge his arrest and the effectiveness of his counsel at trial. *See id.* at 1–2.

 Having screened Joe's complaint, the undesigned recommends that the Court dismiss the complaint as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he timely pays the full filing fee for this case. And given Joe's long history of submitting frivolous and indignant claims, the Court should also find that Joe is a vexatious litigant and direct the clerk of the court not to accept any further actions from him unless Joe first obtains leave from a district or magistrate judge.

**Legal Standards and Analysis**

Joe filed this action without paying the applicable filing fee. Under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), an inmate

may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

Joe has accrued three strikes under § 1915(g). Before filing this complaint, and while he was incarcerated, Joe filed at least three civil cases that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Joe v. Johnson*, 2020 WL 6928380 (N.D. Tex. Nov. 9, 2020), *rec. adopted*, 2020 WL 6893123 (N.D. Tex. Nov. 24, 2020) (recognizing the plaintiff had three-strikes and was barred from proceeding under § 1915(g)).

Because Joe has accrued three strikes, § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). But Joe makes no such allegations. *See Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Banos*, 144 F.3d at 885. Joe is, therefore, barred from proceeding *in forma pauperis* under § 1915(g).

## Sanctions

The Court possesses the inherent authority to protect the efficient and orderly administration of justice and to command respect for the Court's orders,

judgments, procedures, and authority. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is the power to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant—like Joe here—has a history of submitting multiple frivolous and indignant claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court can impose monetary sanctions or pre-filing bars on vexatious litigants. *See Reed v. Fairway Townhomes Hous. LP*, 2022 WL 1631816, at *3 (N.D. Tex. Apr. 29, 2022) (Rutherford, J.), *adopted by* 2022 WL 1624803 (N.D. Tex. May 23, 2022).

Since 2015, Joe has filed at least 41 civil actions in this Court. During this time, he has been warned against filing successive habeas petitions and accrued three strikes under the PLRA. *See Joe v. State of Texas*, 3:20-cv-3133-D (N.D. Tex. Dec. 7, 2020), Judgment (ECF No. (6) ("Petitioner is warned that if he persists in filing successive habeas petitions, the court may impose monetary sanctions and/or bar him from bringing any further habeas action in this court."); *Joe v. Johnson*, 2020 WL 6928380 (N.D. Tex. Nov. 9, 2020) (dismissing case under the three strikes rule).

But Joe has continued to file baseless lawsuits. Excluding the current action, Joe has filed at least 13 civil actions in this district that have been dismissed as

either (i) a successive habeas petition or (ii) barred by the PLRA three-strikes provision, since 2020 alone. *See Joe v. Hegar*, 2020 WL 1942140, (N.D. Tex. Mar. 27, 2020), *rec. adopted*, 2020 WL 1940283 (N.D. Tex. Apr. 21, 2020) (three strikes); *Joe v. Davis*, 2020 WL 5099397 (N.D. Tex. Aug. 11, 2020), *rec. adopted*, 2020 WL 5094810 (N.D. Tex. Aug. 29, 2020) (unauthorized success habeas); *Joe v. Davis*, 2020 WL 5443251 (N.D. Tex. Aug. 11, 2020), *rec. adopted*, 2020 WL 5440635 (N.D. Tex. Sept. 9, 2020) (unauthorized successive habeas); *Joe v. Dir., TDCJ-CID*, 2020 WL 6586712 (N.D. Tex. Sept. 16, 2020), *rec. adopted*, 2020 WL 6585869 (N.D. Tex. Nov. 10, 2020) (unauthorized successive habeas); *Joe v. Johnson*, 2020 WL 6928380 (N.D. Tex. Nov. 9, 2020) (three strikes); *Joe v. Dir.*, 2020 WL 7214253 (N.D. Tex. Oct. 23, 2020), *rec. adopted sub nom. Joe v. Texas*, 2020 WL 7186789 (N.D. Tex. Dec. 7, 2020) (unauthorized successive habeas); *Joe v. Cash*, 2021 WL 4227825 (N.D. Tex. Aug. 12, 2021), *rec. adopted*, 2021 WL 4221023 (N.D. Tex. Sept. 16, 2021) (three strikes); *Joe v. FNU LNU*, 2024 WL 2885317 (N.D. Tex. May 6, 2024), *rec. adopted*, 2024 WL 2885914 (N.D. Tex. June 6, 2024) (three strikes); *Joe v. BOP*, 2024 WL 3032505 (N.D. Tex. May 23, 2024), *rec. adopted*, 2024 WL 3033635 (N.D. Tex. June 17, 2024) (three strikes); *Joe v. Dir., TDCJ-CID*, 2024 WL 4536130 (N.D. Tex. Sept. 19, 2024), *rec. adopted*, 2024 WL 4536463 (N.D. Tex. Oct. 21, 2024) (unauthorized successive habeas); *Joe v. Dir., TDCJ-CID*, 2024 WL 5285188 (N.D. Tex. Nov. 26, 2024), *rec. adopted*, 2025 WL 36165 (N.D. Tex. Jan. 6, 2025) (unauthorized successive habeas); *Joe v. Dir., TDCJ-CID*, 2024 WL 5192009 (N.D. Tex. Oct. 30, 2024), *rec. adopted*, 2024 WL

5189601 (N.D. Tex. Dec. 20, 2024) (unauthorized successive habeas); and *Joe v. Dir., TDCJ-CID*, 2020 WL 8188197 (N.D. Tex. Dec. 14, 2020), *rec. adopted*, 2021 WL 185503 (N.D. Tex. Jan. 19, 2021) (unauthorized successive habeas).

Given his filing history and the frivolous nature of the claims asserted in this and other cases, it is clear that merely applying the three-strikes bar is no deterrent to Joe's continual filing of frivolous lawsuits. Accordingly, the Court should find that Joe is a vexatious litigant and direct the Clerk of Court not to accept any further actions from him unless Joe first obtains leave from a district or magistrate judge. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants).

## Recommendation

The Court should dismiss Joe's complaint without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he pays the full $5.00 filing fee prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

In addition, the Court should find that Joe is a vexatious litigant and direct the Clerk of Court not to accept any further actions from him unless Joe first obtains leave from a District or Magistrate judge.

SO RECOMMENDED.

October 6, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).