IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, § | | |
| #1047716, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | No. 3:25-cv-02519-B-BT | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Petitioner Demarcus Kenard Joe's Request for "Repeat/Speedy Death Penalty New Trial." *See generally* Mot. (ECF No. 6). The Court construes this filing as a motion under Federal Rule of Civil Procedure Rule 59(e). For the reasons stated, the Court should DENY Petitioner's Rule 59(e) motion.

**Background**

Petitioner is currently serving a life sentence in the TDCJ James V. Allred Unit. On September 16, 2025, he filed a document that the Court construed as a *pro se* habeas petition seeking relief under 28 U.S.C. § 2254. *See* Compl. (ECF No. 2). The Court dismissed the complaint as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) on October 28, 2025 after Petitioner failed to timely pay the full filing fee for this case. *See* FCR at 5 (ECF No. 3); Judgment (ECF No. 5). Additionally, given Petitioner's long history of submitting frivolous and indignant claims, the Court found that Petitioner is a vexatious litigant and directed the clerk

of the court not to accept any further actions from him unless he first obtains leave from a district or magistrate judge. *See* FCR at 2–5; Order (ECF No. 4).

On November 10, 2025, Petitioner filed his Request for "Repeat/Speedy Death Penalty New Trial." This filing mirrors Petitioner's complaint and previous court cases in this District, as he again appears to challenge his arrest and the effectiveness of his counsel at trial. *See* Mot. at 5, 7.

## Legal Standards and Analysis

The Court evaluates a motion seeking reinstatement of a case or relief from judgment either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The Court determines the applicable rule based on the time of filing. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the Court analyzes it under Rule 59(e), and if the movant filed the motion outside of that time, the Court analyzes it under Rule 60(b). *Id.* Because Petitioner filed his motion 13 days after the October 28, 2025 entry of final Judgment, the Court considers the motion under Rule 59(e).

Relief under Rule 59(e) "is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). District courts enjoy discretion in

deciding whether to reopen a case under Rule 59(e). *Weber v. Roadway Exp., Inc.,* 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993)). But Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004)."Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted). In striving to strike a balance between the need for finality and the need to render just decisions on the basis of all the facts, "the Fifth Circuit has observed that Rule 59(e) 'favor[s] the denial of [these motions].'" *Greenidge v. Carter,* 2024 WL 4183523, at *1 (N.D. Tex. May 21, 2024) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993)).

Even when construed in light of Petitioner's *pro se* status and Rule 59(e)'s less onerous standard, *see Davila v. Walmart Stores, Inc.,* 2017 WL 1509303, at *1 (N.D. Tex. Apr. 27, 2017), Petitioner has failed to provide a sufficient reason to grant the requested relief. He has not alleged or shown an intervening change in controlling law, the availability of new evidence not previously available, or a manifest error of law or fact. Nor has he paid the filing fee as directed or explained his failure to do so. Petitioner has not shown that he is entitled to relief under Rule 59(e). *See Green v. Mitchell,* 2019 WL 1261172, at *1–2 (N.D. Tex. Feb. 25, 2019), *rec. adopted,* 2019 WL 1255216 (N.D. Tex. Mar. 19, 2019) (denying Rule

59(e) motion seeking reconsideration of dismissal based upon the three-strikes rule of 28 U.S.C. § 1915(g)).

## Recommendation

For the reasons stated, the District Judge should DENY Petitioner's construed motion for reconsideration.

SO RECOMMENDED.

November 14, 2025.

                                                     REBECCA RUTHERFORD
                                                     UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).